UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
**EASTERN DIVISION at COLUMBUS**

| | | |
|---|---|---|
| WARREN EASTERLING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 19-469-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| CHIEF JUDGE WALTER RICE, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On March 12, 2019, the Court entered a Memorandum Opinion and Order directing plaintiff Warren Easterling to address apparent defects in service of process upon the defendants and to establish legally sufficent grounds why his complaint should not be dismissed. [R. 20] Easterling has now filed his Response to that Order [R. 21] along with Proof of Service forms for each of the 15 defendants in this case. [R. 22]

With respect to service of process, Easterling originally filed only certified mail receipts into the record [R. 10, 11, 12, 13, 15, 16, 17], but Federal Rule of Civil Procedure 4(l)(1) requires that proof of service be established by a server's affidavit of the kind that was given to the plaintiff at the outset of the case [R. 3]. Easterling has now filed the provided Proof of

1

Service forms indicating that he served the defendants by either certified or regular mail. [R. 22]

But as the Court advised Easterling in its last Order, a party to the case cannot serve process himself. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old **and not a party** may serve a summons and complaint.") (emphasis added); *Constien v. United States*, 628 F. 3d 1207, 1213-15 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."). Further, many of the defendants are officers or employees of the United States, but Easterling failed to comply with the additional service requirements set forth in Rule 4(i)(1)(A)(i),(ii); 4(i)(1)(B); 4(i)(3). Easterling has therefore not properly served the defendants with process.

When he filed his complaint in this case Easterling also filed a motion requesting injunctive relief. [R. 5] But his failure to properly serve the defendants with process requires that motion to be denied. Because none of the defendants had been properly served with process, the Court lacks personal jurisdiction over them and cannot grant the injunctive relief he seeks. Cf. *R.M.S. Titanic, Inc. v. Haver*, 171 F. 3d 943, 958 (4th Cir. 1999) (preliminary injunction issued against defendant company was unenforceable because district court did not obtain personal jurisdiction over

2

company through valid service of process); *Schuh v. Michigan Dep't of Corrections*, No. 1:09cv982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010) ("When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required."); *Carty v. R.I. Dept. of Corrections*, 198 F.R.D. 18, 20 (D.R.I. 2000) (same).

Even if Easterling had properly served the summons and complaint, his motion would still have to be denied because he does not actually seek injunctive relief. Instead, he asks the Court to alter or vacate orders entered in other civil cases he previously filed in this Court, or to "remove" judges from the cases to which they have been assigned because he disagrees with the orders they entered. At bottom, Easterling attempts to collaterally attack orders and judgments entered in other civil cases he filed in this Court. Easterling has been advised in earlier cases he filed in this Court that this is not permissible; instead, he must file a notice of appeal or a motion for reconsideration in the same civil case in which he seeks relief. Easterling's motion seeking injunctive relief will therefore also be denied because he has failed to demonstrate any likelihood of success on the merits. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

With respect to the claims asserted in the complaint, Easterling's Response to the Court's Order consists primarily of various objections to the Court's requirement that he respond to it at all. He appears to contend that: (1) the defendants must be allowed 21 days to respond to his claims; (2) there is no "case or controversy" until the defendants respond; (3) *sua sponte* dismissal of his claims would indicate the undersigned's bias or participation in a conspiracy against him; and (4) the Court may not declare him to be a vexatious litigator. His only response apparently directed to the substantive legal deficiencies previously identified by the Court is Easterling's continued assertion that 28 U.S.C. § 1331 permits him to challenge allegedly-fraudulent judgments entered in earlier cases simply by filing a new complaint. [R. 21]

None of Easterling's contentions have merit. As previously indicated, the Court is authorized to alter or extend the time for any defendant to file a response to the complaint. Federal Rule of Civil Procedure Rule 6(b)(1)(A). And when the Court *sua sponte* questions whether the plaintiff's complaint states viable claims for relief, the defendants need not be directed to respond. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1985). Easterling's "case or controversy" argument is wholly misplaced; whether a party to a

4

case has filed a response to a particular claim or issue has no bearing upon whether an actual controversy exists between the parties regarding the lawfulness of a party's conduct in the first instance. See *Allen v. Wright*, 468 U.S. 737, 751 (1984) (the "core component" of the case or controversy requirement is that the plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief). And if Easterling were correct that no case or controversy exists, the Court would be obligated to dismiss the entire case for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). His other objections fare no better. See *United States v. Campbell*, 59 F. App'x 50, 52 (6th Cir. 2003) (holding that prior adverse rulings by a judge "will almost never serve as a valid basis for recusal and are most often simply grounds for appeal.") (*citing Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that district court has inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith).

Having reviewed Easterling's Response, the Court concludes that he has not set forth grounds to sustain any of the claims asserted in his complaint, and it must therefore be dismissed.

First, Easterling's claims against United States District Judges Walter H. Rice, Thomas M. Rose, Edmund A Sargus, Jr., Timothy S. Black, and Algenon L. Marbley, as well as United States Magistrate Judges Michael J. Newman and Sharon L. Ovington are based solely upon their rulings or orders entered in cases over which they presided. It is well established that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 350 (1872)). Accordingly, a judge is entitled to absolute immunity against a claim based upon an action taken by a judge in his or her judicial capacity, unless that action is taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). All of the acts complained were taken in the course of proceedings over which the judge presided, and the immunity applies to bar the claims asserted. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988) (judicial immunity "insulat[es] judges from vexatious actions prosecuted by disgruntled litigants.").

Second, Easterling invokes 42 U.S.C. § 1985 as the basis for his claims, but his allegations are insufficient to properly invoke that provision against any of the defendants. A claim that persons

6

conspired to deprive the plaintiff of civil rights under 42 U.S.C. § 1985 must be plead with particularity, requiring the plaintif to allege specific acts showing that the defendants acted in concert and coordination with one another. Further, the plaintiff must allege facts which indicate that the defendants' actions were prompted by a "class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Webb v. United States*, 789 F. 3d 647, 670 (6th Cir. 2015). Easterling makes no such allegations in his complaint with respect to any of the defendants, and his complaint therefore fails to state a claim under Section 1985.

Third, a civil rights claim based upon events occurring in Ohio must be asserted within two years. Ohio Rev. Code § 2305.10. Accordingly, Easterling's claims are barred by the applicable statute of limitations with respect to his allegations against Judge Rice for conduct occurring in 2014 [R. 1 at Page ID #7]; Judge Marbley for conduct occuring in 2016 [R. 1 at Page ID #17-18]; Asst. U.S. Attorney William B. King, II. for conduct occurring in 2015 [R. 1 at Page ID #17-18]; Magistrate Judge Ovington for conduct occurring in 2015 [R. 1 at Page ID #19-20]; and attorney Brian Spiess for conduct occurring in 2014 [R. 1 at Page ID #19-20]. *Zappone v. United States*, 870 F. 3d 551, 559 (6th Cir. 2017) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)).

7

Fourth, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Easterling identifies Linda L. Woeber as a defendant, but makes no allegations at all against her in the complaint. The plaintiff also names President Donald J. Trump as a defendant, but includes only an unexplained reference to his responsibility "in regards to the Department of Justice to enforce the law ..." At this stage, "[w]hile the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged." *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003). The plaintiff having failed to identify colorable claims against either of these defendants, the claims against them will be dismissed.

Because the plaintiff's complaint fails to set forth a viable claim against any of the defendants, the Court will dismiss this action, with prejudice.

The Court adds a final cautionary note. As stated in the Court's prior Memorandum Opinion, Easterling has filed more than two dozen civil actions in this Court, all of which have been

dismissed and many of which were legally frivolous and potentially filed for abusive purposes. Four years ago, this Court imposed a limited sanction against Easterling by barring him from proceeding *in forma pauperis* in this Court without prior permission. *Easterling v. Crawford*, No. 3:13-CV-430-WHR (S.D. Ohio 2013). Regrettably, that sanction has failed to fully deter Easterling's abusive litigation conduct: since that date, he has filed nine more civil cases, nearly all of which have been dismissed for failure to state a claim and/or as repetitive of prior failed litigation.

Easterling is advised that the Court possesses the authority to impose additional restrictions upon any person who files frivolous litigation or otherwise abuses the judicial process. The Supreme Court long ago established that "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821). Accordingly, a district court has inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

In addition to this inherent authority, "[a] district court has the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin a party from filing suits attempting to reopen or relitigate closed cases. This power extends to enjoining further filings in support of frivolous and vexatious claims." *Spencer v. Slone*, 1986 WL 16350, at *3 (6th Cir. 1986) (upholding Eastern District of Kentucky district court's pre-filing injunction against new federal actions by plaintiff arising out of his state court prosecution for passing bad checks). Federal Rule of Civil Procedure 11(c)(3) is a separate grant of authority which permits the Court to require a party to demonstrate that their conduct does not warrant sanctions for violation of Rule 11(b). *Cf. Neuman v. United States*, No. 07-CV-362-MJR, 2009 WL 1514566, at*2-3 (S.D. Ill. June 1, 2009) (imposing $1,000 in sanctions pursuant to Rule 11 for prisoner's repeated post-judgment filings asserting presiding judge was biased and unqualified, and cautioning of possible criminal contempt sanctions, including incarceration, should personal attacks continue).

Certainly, the Court must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their misguided actions may be the consequence of

inexperience or lack of specialized knowledge rather than borne of a desire to harass or delay. But this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'")

Any person proceeding *pro se* who repeatedly files frivolous lawsuits or motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. The Court may therefore impose sanctions

11

necessary and appropriate to deter such conduct. *Chambers*, 501 U.S. at 45-46. The Court may deny the plaintiff *pauper* status, *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992), or for more quarrelsome conduct, may require him to pay another party's attorneys fees, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002). For the most obstinate litigant, the court may require prior permission from the Court before **any** new lawsuit or motion may be filed. *Filipas v. Lemons*, 835 F. 2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F. 3d 222, 224 (6th Cir. 1989).

Easterling has repeatedly filed meritless and duplicative lawsuits and post-judgment motions, conduct that serves no legitimate purpose and places a tremendous burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of their cases. This conduct evidences his bad faith and constitutes an abuse of the judicial process. While the Court will not, at this time, impose either monetary sanctions or require Easterling to obtain the Court's permission before filing any new civil case (or a new motion in any existing case), the Court retains the authority to do so even after closing this case should his conduct warrant such sanctions. The plaintiff is so advised.

Accordingly, it is **ORDERED** as follows:

1. Easterling's complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

2. Easterling's motion seeking injunctive relief [R. 5] is **DENIED.**

3. Defendant Ann Yackshaw's motion to dismiss [R. 18] is **DENIED AS MOOT.**

4. This matter is **STRICKEN** from the docket.

This 25th day of March, 2019.

Sitting by Designation

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge